## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ANTHONY RAY JENKINS and   )
ANTAHJ S. JENKINS          )
               Plaintiffs,   )
                       )
vs.                    )    Case No. 16-1374-JTM-KGG
                       )
LIBERAL POLICE DEPT., *et al.*,   )
                       )
           Defendants. )
———————————————————)

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES,
## MOTION FOR APPOINTMENT OF COUNSEL, AND
## <u>REPORT & RECOMMENDATION FOR DISMISSAL</u>

In conjunction with their federal court Complaint, Plaintiffs Anthony Ray

Jenkins and Antahj S. Jenkins have both filed a Motion to Proceed Without

Prepayment of Fees (*IFP* Applications, Doc. 3, sealed, and Doc. 4, sealed), with

accompanying Affidavits of Financial Status (Doc. 3-1, sealed, Doc. 4-1, sealed).[1]

Having reviewed Plaintiffs' motions, as well as their financial affidavits and

Complaint, the Court **GRANTS** Plaintiffs' motions for *IFP* status (Doc. 3) and

(Doc. 4), and **recommends** Plaintiffs' claims be dismissed for failure to state a

---

[1] The Court notes that it recently issued a similar Order as well as a Report & Recommendation of Dismissal to the District Court in another case filed by Plaintiff Anthony Ray Jenkins, 16-cv-1370-EFM-KGG.  (*See* Docs. 5, 6, filed September 28, 2016).

viable federal cause of action.

## I.       Motion to Proceed Without Prepayment of Fees.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means.  28 U.S.C. § 1915(a).  In so doing, the court considers the affidavit of financial status included with the application.  *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally, Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See Patillo v. N. Am. Van Lines, Inc*., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").  The Court will address the motions of both Plaintiffs individually.

### A.       Anthony Ray Jenkins.

In his supporting financial affidavit, Plaintiff Anthony Ray Jenkins indicates he is 60 years old and both separated and divorced, with is estranged spouse listed

as 53 years old.  He lists a dependent, but indicates his son is 26 years old.  (Doc. 2-1, sealed, at 2.)  Because Plaintiff's son is a legal adult, he cannot be considered a dependent for purposes of this motion.  Plaintiff is currently unemployed and lists no discernible prior employment.  (*Id*., sealed, at 2-3.)  Further, he lists no income from other sources, such as unemployment or welfare; he does, however, indicate a small, monthly food stamp stipend.  (*Id*., at 4-5.)  He indicates that he does not own real property.  He owns a modest automobile, with a stated present value of "$00."  (*Id*., at 3-4.)  He lists no rent or mortgage payment but does enumerate certain other reasonable expenses, including utilities and car insurance.  (*Id*., at 5.)  He lists no cash on hand or bank accounts.  (*Id*., at 4.)  He has filed for bankruptcy.  (*Id*., sealed, at 6.)

Considering all of the information contained in the financial affidavit, Plaintiff has no monthly income and no financial means with which to pay a filing fee.  The Court finds that Plaintiff has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs.  The Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* directs that the cases be filed without payment of a filing fee.

### B.   Antahj S. Jenkins.

In his supporting financial affidavit, Plaintiff Antahj S. Jenkins indicates he

is 26 years old and single with no dependents.  (Doc. 4-1, sealed, at 1-2.)  Plaintiff

is currently unemployed and lists no prior employment.  (*Id.*, sealed, at 2-3.)

Further, he lists no income from other sources, such as unemployment or welfare.

(*Id.*, at 4-5.)  Plaintiff does not own real property or an automobile. (*Id.*, at 3-4.)

He lists no rent payment or other reasonable expenses.  (*Id.*, at 5.)  Rather, he

indicates that he "live[s] with Father he's got nothing." (*Id.*)  He lists no cash on

hand or bank accounts.  (*Id.*, at 4.)  He has not filed for bankruptcy.  (*Id.*, sealed, at

6.)

Considering all of the information contained in the financial affidavit,

Plaintiff has no monthly income and no financial means with which to pay a filing

fee.  The Court finds that Plaintiff has established that his access to the Court

would be significantly limited absent the ability to file this action without payment

of fees and costs.  The Court **GRANTS** Plaintiff leave to proceed *in forma*

*pauperis* directs that the cases be filed without payment of a filing fee.

## II.    Sufficiency of Complaint and Recommendation for Dismissal.

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma*

*pauperis*  case "at any time if the court determines that . . . the action or appeal –

(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be

granted; or (iii) seeks monetary relief against a defendant who is immune from

4

such relief."  "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests."  *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013).  The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."  *Harris v. Campbell*, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment).  *Sua sponte* dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face.  *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss.  *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).   In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff.  *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir.2006).  The Court will also liberally construe the pleadings of a *pro se* plaintiff.  *See Jackson v. Integra Inc.*, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff.  *Hall*, 935 F.2d at 1110; *see also Haines v. Kerner*, 404 U.S.

519, 92 S.Ct. 594 (1972).  Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." ***Hall***, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action." ***Fisher v. Lynch***, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir.1991) (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face." ***Fisher***, 531 F. Supp.2d at 1260 (citing ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. at 1974).   Factual allegations in the complaint must be enough to raise a right to relief "above the speculative level." ***Kay v. Bemis***, 500 F.3d at 1218 (citing ***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. At 1965).

6

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer. ***Monroe v. Owens***, Nos. 01-1186, 01-1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002). Rule 8(a) requires three minimal pieces of information in order to provide such notice to the defendant: (1) the pleading should contain a short and plain statement of the claim showing the pleader is entitled to relief; (2) a short and plain statement of the grounds upon which the court's jurisdiction depends; and (3) the relief requested. Fed.R.Civ.P. 8(a). After reviewing Plaintiffs' Complaint and construing the allegations liberally, if the Court finds that he has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

The Court is unable to glean any cause of action arising out of the allegations stated by Plaintiffs. The Court cannot discern what claims Plaintiffs are intending to bring against Defendants or how such claims would be viable in federal Court. The Complaint simply does not contain the requisite short and plain statement of the claim showing the pleader is entitled to relief. Fed.R.Civ.P. 8(a). This requires the Court to **recommend to the District Court the dismissal of Plaintiffs' claims** pursuant to 28 U.S.C. §1915(e)(2).

7

**IT IS THEREFORE ORDERED** that Plaintiff Anthony Ray Jenkins'
motion for *IFP* status (Doc. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Antahj S. Jenkins' motion for
*IFP* status (Doc. 4) is **GRANTED**.

**IT IS RECOMMENDED** to the District Court that Plaintiffs' Complaint be
**DISMISSED** for the failure to state a claim on which relief may be granted. The
Clerk's office shall not proceed to issue summons in this case at the present time.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall
be sent to Plaintiffs *via* certified mail. Pursuant to 28 U.S.C. §636(b)(1),
Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiffs shall have **fourteen (14) days**
after service of a copy of these proposed findings and recommendations to serve
and file with the U.S. District Judge assigned to the case, their written objections to
the findings of fact, conclusions of law, or recommendations of the undersigned
Magistrate Judge. Plaintiffs' failure to file such written, specific objections within
the 14-day period will bar appellate review of the proposed findings of fact,
conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 30th day of September, 2016.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge